UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                          CASE NO. 3:20-CR-24-DPM

ROGER DALE WINNEBERGER, III                                      DEFENDANT

## ORDER

On June 15, 2021, I conducted a hearing on the Government's third Motion to Revoke Pretrial Release for Defendant Roger Dale Winneberger, III ("Mr. Winneberger") (*Doc. 39*). Mr. Winneberger was represented by Joseph Hughes; the Government was represented by Assistant United States Attorney Erin O'Leary. Mr. Winneberger's pretrial services officer, Probation Officer Chad Jones, appeared via video conferencing.

On April 21, 2021, after conducting a hearing on the Government's second Motion to Revoke Pretrial Release, I modified Mr. Winneberger's O/R bond to place him on electronic monitoring and home incarceration, with a suitable third-party custodian. *Docs. 23, 33, 34*. These were the most restrictive conditions I could impose, short of detaining Mr. Winneberger.

The Government's latest Motion to Revoke is based solely on Mr. Winneberger being indicted, on June 1, 2021, for making a materially false statement

during his testimony before me on April 21. During the June 15 hearing, Mr. Winneberger again testified and unequivocally denied making any false material statement during the April 21 revocation hearing. Importantly, Probation Officer Jones also unequivocally testified during the hearing that, between April 22 and June 15, 2021, *Mr. Winneberger complied with all of the conditions of his O/R bond*.

Based on the June 1, 2021 indictment, charging Mr. Winneberger with making a false material statement, there is probable cause to believe that he committed a federal crime while on free on O/R bond.[1] *See* 18 U.S.C. § 3148(b)(1)(A). However, after considering the Government's exhibits, and the testimony of FBI Task Force Officer Bromfield, Probation Officer Jones, and Mr. Winneberger, there is not sufficient evidence from which I can conclude that Mr. Winneberger is unlikely to continue to abide by the conditions of O/R bond. *See* 18 U.S.C. § 3148(b)(2)(B).

---

[1] Unlike most federal crimes, when a witness makes a materially false statement under oath, the only victims are *the witness himself*, who may serve a prison sentence for committing that crime, and *the justice system itself*, which relies on all witness to provide truthful testimony. See *United States v. Dunnigan*, 507 U.S. 87, 97 (1993) (describing perjury as a "willingness to frustrate judicial proceedings"); *Bronston v. United States*, 409 U.S. 352, 357 (1973) (The federal perjury statute was "enacted in an effort to keep the course of justice free from the pollution of perjury."). Seeking to vindicate such an assault on the justice system makes it an important crime worthy of prosecution by the Government. However, the unique nature of the crime makes it a difficult ground to detain a defendant, like Mr. Winneberger, who has otherwise complied with all conditions of his O/R bond.

Thus, even if I presume that Mr. Winneberger is guilty of making the charged false material statement, it is not the sort of criminal conduct that poses a danger to any person or the community in the same way most federal crimes do. Because nothing about the nature of this alleged crime suggests that allowing Mr. Winneberger to remain on home incarceration and electronic monitoring (in the home of his third-party custodian) poses any additional risk to anyone, it makes it difficult to plausibly argue that Mr. Winneberger's alleged commission of that crime requires his detention under 18 U.S.C. § 3148.

Finally, I find those conditions will continue to reasonably assure the safety of any person and the community, and reasonably assure that Mr. Winneberger will not flee. *See* 18 U.S.C. § 3148(b)(2)(A).

For the foregoing reasons, and the more detailed reasons stated from the bench at the conclusion of the hearing, the Government's Motion to Revoke (*Doc. 39*) is DENIED.

SO ORDERED, this 16th day of June, 2021.

                                                  /s/ J. Thomas Ray
                                    UNITED STATES MAGISTRATE JUDGE